FILED'08 JUL 11 0703USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT E. CHARBONNEAU,    Civil No. 07-1599-AA
                          OPINION AND ORDER
    Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Robert Charbonneau, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1   - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On January 2, 2004, plaintiff filed an application for disability insurance benefits. Tr. 12, 53-56. The application was denied initially, tr. 42-47, and on reconsideration. Tr. 50-52. An administrative law judge (ALJ) held a hearing on April 2, 2007. Tr. 457-490. On June 22, 2007, the ALJ issued a decision finding plaintiff not disabled because he could perform other work existing in significant numbers in the national economy. The ALJ found plaintiff could work as a food preparation worker, an ejection molding machine operator, and a cashier. Tr. 9-22. On August 24, 2007, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 4-6. See 20 C.F.R. §§ 404.981, 422.210.

## STATEMENT OF THE FACTS

At the time of the April 2, 2007, hearing, plaintiff was 49 years old and had a high school education. Tr. 53, 71. Plaintiff had past relevant work experience as a carpenter and a roofer. Tr. 66, 92, 484. Plaintiff alleged disability beginning on September 28, 1999, due to "3 level fusion to neck, chronic pain in head and neck, disc prolapse and cervical spondylosis at c3-4, c4-c5, c5-c6." Tr. 53, 65.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

3   - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of September 28, 1999, through December 31, 2004. Tr. 14, Finding 2. See 20 C.F.R. § 404.1520(b). At step two, the

4    - OPINION AND ORDER

ALJ found that plaintiff had the following severe impairments: cervical disc disease status post microdiscectonmy, alcohol abuse and cannabis abuse. Tr. 14, Finding 3. The ALJ also found at step two that plaintiff's depression and pain disorder were not severe impairments. Tr. 14. See 20 C.F.R. § 404.1520(c).

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings. Tr. 15, Finding 4. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). In determining plaintiff's residual functional capacity, the ALJ found that:

> [t]hrough the date last insured, the claimant had the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. He can stand and walk 6 hours out of an 8-hour day and sit 6 hours out of an 8-hour day. He cannot climb ladders, ropes or scaffolds. He cannot kneel, crouch, or crawl. He can frequently climb ramps and stairs, balance and stoop. He is limited to occasional overhead reaching and should limit shoulder level bilateral use of the upper extremities[.]

Tr. 15, Finding 5. See 20 C.F.R. §§ 404.1520(e), 404.1545.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 20, Finding 6. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). Finally, at step five, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. The ALJ found plaintiff could work as a food preparation worker, an ejection molding machine operator, and as a cashier. Tr. 21, Finding 10. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1450(g).

2. Plaintiff's Allegations of Error

The defendant concedes plaintiff's first two allegations of error. Those are: the ALJ failed to include the limitation that

5    - OPINION AND ORDER

plaintiff should "limit above shoulder level bilateral use of his upper extremities" in the hypothetical question to the vocational expert (VE); and the ALJ failed to include the limitation that plaintiff was capable of only "occasional use of the upper extremities at shoulder and overhead levels" in his residual functional capacity finding and in the hypothetical question to the VE. The defendant argues, however, that any error was harmless. See <u>Parra v. Astrue</u>, 481 F.3d 742, 747 (9th Cir. 2007). The three jobs identified for the plaintiff by the VE do not indicate that "above shoulder level bilateral use of the upper extremities," or "use of the upper extremities at shoulder and overhead levels," are required to perform the job. See Dictionary of Occupational Title's (DOT) description or introductory paragraph of each job: DOT 316.684-014 (food preparation worker)[1], DOT 556.685.038 (ejection molding machine operator), and DOT 211.462-010 (cashier). Therefore, based on the job descriptions found in DOT for each of the jobs identified by the VE, there is no indication that those jobs require tasks involving above shoulder level bilateral use of the upper extremities or use of the upper extremities at shoulder and overhead levels.

Plaintiff next asserts that the ALJ erred in determining his residual functional capacity (RFC) because the ALJ rejected his subjective testimony without evaluation, and because the ALJ failed to consider the combined effect of all of his impairments. Pl's Brief, p. 10-12, 14. First, I find that the ALJ properly

---

[1] DOT actually refers to this job number as a "deli cutter-slicer, and not a "food preparation worker."

6    - OPINION AND ORDER

considered all of plaintiff's impairments when assessing plaintiff's residual functional capacity. The ALJ specifically noted that an individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. Tr. 13. In making this finding, "the undersigned must consider all of the claimant's impairments including impairments that are not severe." Id. (internal citations omitted). The court finds that the ALJ considered all of plaintiff's limitations, severe and non-severe, in assessing plaintiff's RFC.

Regarding plaintiff's complaint that the ALJ rejected his subjective testimony without evaluation, I find this allegation is without support. Once a claimant produces objective medical evidence of an underlying impairment or combination of impairments that could reasonably be expected to produce some degree of pain or other symptoms and there is no affirmative evidence suggesting the claimant is malingering, the ALJ may reject claimant's testimony regarding the severity of the alleged pain or other symptom by offering specific, clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281-84 (9th Cir. 1996).

The plaintiff testified that he was unable to work due to neck pain, arm numbness, he was unable to sit and use a keyboard, he needed to lie down during the day, he had weakness and numbness in his hands and was having difficulty grasping. Tr. 462-63, 465-68, 472-74, 478. The ALJ found that plaintiff's statements concerning the intensity, duration and limiting effects of his symptoms were not entirely credible. Tr. 17. The

7   - OPINION AND ORDER

ALJ relied on the following evidence from the record to support his finding that plaintiff's intensity and limiting effects of his symptoms were not entirely credible: on September 27, 1999, plaintiff was evaluated by Eric Sandefur, D.O., for his complaints of neck pain. Tr. 139. Dr. Sandefur recommended that plaintiff "continue to work doing his full duties," but he should "try to avoid as much heavy lifting as possible." Tr. 140. In March 2002, an evaluating physician, Dr. Fax, an orthopedic surgeon, found that plaintiff did not have any restriction on the number of consecutive hours he could sit, stand or walk. Tr. 159, 166. Dr. Fax further found that plaintiff was not restricted from "working the same number of hours he worked prior to his injury." Id. In April 2005, Dr. Hamby determined that plaintiff was "medically stationary" regarding his industrial injury. Tr. 346. He further determined that plaintiff was capable of lifting 20 pounds floor to waist. Tr. 344. Further, Dr. Hamby noted that plaintiff could frequently bend, twist, kneel and walk on level surfaces. Tr. 345. Plaintiff was also able to demonstrate frequent repetitive use of his writs, hands, and arms, with the exception of decreased tolerance for bilateral upper extremity activity at shoulder and overhead levels, which he could demonstrate occasionally. Id. In May 2005, Dr. Hamby found that plaintiff was capable of working in the light work category with limited above shoulder level use of the upper extremities. Tr. 335.

In addition, the ALJ noted the objective findings during plaintiff's independent medical evaluation in July 2003, tr. 276, and a August 2004, multi-disciplinary pain evaluation. Tr. 365.

Medical evidence is a relevant factor in determining the severity of plaintiff's pain and its disabling effects. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ noted that in April 2003, his physician reported that he was noncompliant with a rehabilitation and exercise program, and noted generally plaintiff was a "noncompliant patient." Tr. 152. The ALJ further noted that in October 2003, plaintiff's doctor again stated that plaintiff failed to follow the advice of physicians and physical therapists regarding an exercise rehabilitation program. Tr. 149. The ALJ appropriately considered plaintiff's failure to follow prescribed treatment in the context of evaluating his subjective complaints. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(in determining whether claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment).

Moreover, the ALJ noted that despite plaintiff's pain complaints, he led an active lifestyle. Tr. 18. The ability "to perform various household chores such as cooking, laundry, washing dishes, and shopping" is a specific, clear and convincing reason to discount testimony. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). In August 2001, plaintiff reported that he was doing more around the house and was anxious to return home to continue painting. Tr. 206. In September 2001, he reported that he had been overdoing it over the past three days, stripping and repainting a shed. Tr. 204. Plaintiff was able to function in a 37-hour-a-week training program and testified that he ended up

9    - OPINION AND ORDER

leaving the program, not due to pain, but due to peer harassment. Tr. 466-67, 478-79. In September 2004, plaintiff reported he had been painting but had difficulty holding a paintbrush due to thumb pain. Tr. 321. In December 2005, plaintiff reported that he hoped that remodeling his house would be helpful with symptoms as well as continued walking on the treadmill. Tr. 403. In February 2006, plaintiff reported he was walking a couple of miles a day. Tr. 397. In June 2006, plaintiff reported increased activity including home repairs and working in the yard. Tr. 387. In December 2006, plaintiff reported that his three-year-old grandson stayed with him for up to a week at a time. Tr. 397. In January 2007, plaintiff again reported that he had been painting. Tr. 328.

The ALJ noted that plaintiff testified he was able to engage in these activities for only brief periods. Tr. 18. The ALJ concluded, however, that while plaintiff may be able to perform remodeling type of activities for only brief periods, there was no evidence that he was not able to sustain lighter types of tasks over an extended period. Id. An ability to perform daily activities may be seen as inconsistent with a condition or impairment which would preclude all work activity. Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1991)(internal citation omitted). Finally, the ALJ found plaintiff's credibility further undermined due to his history of alcoholism, and marijuana use. Tr. 18-19. In viewing the record as a whole, I find the ALJ provided clear and convincing, and specific reasons to reject plaintiff's subjective complaints as not entirely credible. Tr. 15-19.

10   - OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this <u>10</u> day of July 2008.

_____
Ann Aiken
United States District Judge

11   - OPINION AND ORDER